IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :    CHAPTER SEVEN
                                          :
SMITH & MORRIS HOLDINGS, LLC,             :    BANKRUPTCY NO.: 5:15-bk-03520-JJT
                                          :
    DEBTOR                                :

# **OPINION**[1]

Under consideration are the Debtor's Objections to Proofs of Claim Nos. 3, 9, 10, 13, and 14, found on the docket at entries numbers 181, 182, 183, 184, and 186.

At the initial hearing on the objections scheduled on June 8, 2017, the Trustee objected to the standing of the Debtor to object to proof of claims. The Court took that issue under advisement but allowed the Debtor to advance its objections. No evidence was presented by the Debtor in support of the several objections to the claims. At the conclusion of the hearing, the Court closed the evidentiary record, and the objections were taken under advisement, subject to the Court ruling on the Debtor's standing to object.

The Court overruled the objection to standing at argument held on July 18, 2017, thus allowing Debtor's Objections to stand.[2] Counsel for the Debtor then requested the Court reopen the record and, for reasons set forth on the record, that request was denied.

Left for consideration are the objections to the remaining claims 9, 10, 13, and 14. Crucial to the Court's determination of these objections are the following two considerations. First, it is noted that the Claimants, the objector, or the Trustee (who filed Claims 10, 13, and 14) did not present any evidence by way of testimony or documentation to support the claims or the objections to the claims. Further, none of the objections addressed whether the several proofs of

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[2] During the July 18, 2017 argument, the objection to Claim No. 3 filed by the law firm of Rosenn, Jenkins & Greenwald was sustained. See Doc. #233.

claim were filed in accordance with the Federal Rules of Bankruptcy Procedure, particularly Rule 3001.

Faced with an objection to a proof of claim, I find the following from the case of *In re Snydor*, 571 B.R. 681, 683 (Bankr. E.D. Pa. 2017), instructive.

> Under the Bankruptcy Code, a proof of claim "is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). If there is an objection, the parties' shifting burdens play a key role in the determination whether the claim will be allowed.
>
> The Federal Rules of Bankruptcy Procedure provide that a proof of claim filed in accordance with the rules establishes the prima facie validity of the claim. See Fed. R. Bankr. P. 3001(f). When a claim is filed in accordance with Rule 3001(f) and alleges facts sufficient to support the legal liability asserted, the claimant's initial obligation to go forward and burden of proof are satisfied. See *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992); *In re Henry*, 546 B.R. 633, 634–35 (Bankr. E.D. Pa. 2016). Thus, a proof of claim conforming to the rules of court serves as both a pleading and as trial evidence, even in the face of an objection to the claim. See *In re O'Brien*, 440 B.R. 654, 664 & n.14–15 (Bankr. E.D. Pa. 2010).
>
> Once the claimant has made out a prima facie claim, the burden of production shifts to the objector to negate the claim's prima facie validity. The objector must offer evidence that refutes at least one of the allegations essential to the claim's legal sufficiency to meet that burden of production. If the objector fails to do so, the claim will be allowed. However, the ultimate burden of persuasion rests with the claimant. See, e.g., *Henry*, 546 B.R. at 634–35.

It was agreed by the parties at the time of hearing the Court would scrutinize the claims to determine if they presented *prima facie* evidence of their validity and amount. After that review, if necessary, the Court would look at each objection to determine whether it presented enough to remove the *prima facie* evidentiary effect of the claim. If the claim lacked *prima facie* evidentiary impact, the Court would look to the record presented and make an appropriate determination as to whether the claim would be allowed or disallowed in part or in its entirety.

Federal Rule of Bankruptcy Procedure 3001 sets forth the required contents of a proof of claim. With regard to a claim based on a writing, "a copy of the writing shall be filed with the

proof of claim." Fed. R. Bankr. P. 3001(c)(1). The Rule goes on to indicate that "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

In the case of Claim No. 9 filed by the Borough of Honesdale in an amount in excess of $304,000.00, an attachment itemizing the claim states, "Attorney's Fees, 15% as per document $37,511.40." It is apparent that the claim of Honesdale is based on a writing which has not been attached to the claim. The claim not being filed in accordance with Rule 3001, I can give it no evidentiary effect and look first to the claimant to advance it's claim. The Claimant Honesdale, however, offered no evidence at the hearing and thus failed to meet it's burden of going forward. The Claim must be disallowed for that reason.

None of the remaining three claims attached any writing in support of their claim, nor do they allude to any underlying writing. While supporting documentation for the claims in question would have been better evidence in support of the claims, no objection was made by the Debtors to the substance and/or form of the claims, and the Court is not in a position to make a leap by finding that each of these three claims must have had supporting documentation, and, therefore, because that supporting documentation was not attached to the claim, each claim's *prima facie* validity was not established. The Court finds that each of the three proofs of claim meet the requirements of Federal Bankruptcy Rule of Procedure 3001, and each establishes *prima facie* validity of the respective claims. I will discuss these three claims (10, 13, and 14) seriatim.

Claim No. 10 was filed by Mark J. Conway, Esq., Trustee, on behalf of an individual named William Rooney in the amount of $589.43 for services performed. The objection indicates the claimant was an electrical contractor who never completed agreed upon work at a building owned by the Debtor. No evidence was presented in support of the objection.

Therefore, the Court will overrule this objection and finds the claim establishes *prima facie* evidence of the validity and amount of Claim No. 10.

Claim No. 13 was filed under the name of First Alarm Security in the amount of $4,875.00, with said claim being filed by Mark J. Conway, Esq., Trustee. Paragraph 8 of the proof of claim indicates the basis of the claim is for alarm monitoring. The objection indicates agreed upon work to install a security system in the building owned by the Debtor was never completed. With no evidence presented to support the objection, the Court finds the objection is overruled, and the claim presents *prima facie* evidence of the validity and amount of Claim No. 13.

Claim No. 14 in the name of R3 Hardware, also filed by Mark J. Conway, Esq., Trustee, is in the total amount of $300.00 for building materials. The objection indicates the underlying debt represented by the proof of claim was paid prior to the filing of the bankruptcy. No evidence to support this objection was presented to the Court. Therefore, the objection is overruled, and the Court finds the claim establishes *prima facie* evidence of the validity and amount of Claim No. 14.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMP)

Date: October 20, 2017